NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 28206

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KAMALI C.E.M. MCELVANEY, JON E. MCELVANEY, Plaintiffs-Appellants,
v. HARVELEE H. LEITE-AH YO, R.P.T., D.C., et al.,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 03-1-0169)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Plaintiffs-Appellants Kamali C.E.M. McElvaney (McElvaney) and Jon E. McElvaney (collectively, Plaintiffs) appeal the September 11, 2006 final judgment of the Circuit Court of the Third Circuit[1] (circuit court). The judgment follows a jury verdict in favor of Defendants-Appellees Harvelee H. Leite-Ah Yo (Leite-Ah Yo), Otagani Maysonet, and Hawaii Physical Therapy & Chiropractic Clinic, Inc. (collectively, Defendants).

Plaintiffs claimed Defendants were negligent in obtaining informed consent for and in administering chiropractic treatments, thereby necessitating McElvaney's emergency back surgery to excise a herniated disc. On appeal, Plaintiffs allege that the circuit court erred (1) by allowing Defendants' closing arguments on the informed consent claim, and (2) by denying the Plaintiffs' "Motion for Judgment Notwithstanding the Verdict, or in the Alternative, Motion for New Trial."[2]

---

[1] The Honorable Greg K. Nakamura presided.

[2] We note that Plaintiffs' points on appeal do not comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) (2006) because Plaintiffs fail to state where in the record the alleged error occurred and where the alleged error was objected to or otherwise brought to the attention of the court. We caution counsel that this court may disregard nonconforming points and that we may also impose sanctions for the same. HRAP Rules 28(b)(4) and 51.

After careful review of the issues raised, arguments advanced, applicable law, and the record in this case, we resolve Plaintiffs' appeal as follows:

1. The circuit court did not abuse its discretion in allowing Defendants' closing arguments regarding the informed consent claim. Defendants' argued that "[i]f you're going to have the harm come from the proposed treatment, you got to have [Defendants] do something about their treatment that didn't meet the standard of care. They have to in effect not do the procedure properly." While a showing of negligence in performing the treatment is required in traditional medical malpractice actions, it is not an element in the tort of failure to obtain informed consent. Compare Bernard v. Char, 79 Hawaiʻi 371, 903 P.2d 676 (App. 1995) (discussing malpractice where risks in dental procedure not disclosed) (aff'd by Bernard v. Char, 79 Hawaiʻi 362, 903 P.2d 667 (1995) (Bernard II)) with Stallworth v. Boren, 99 Hawaiʻi 287, 54 P.3d 923 (App. 2002) (finding no malpractice where radiologist met the standard of care). Plaintiffs argue that Defendants' argument improperly combined the elements of the two torts. An alternate interpretation of Defendants' arguments, however, is that the chiropractic procedures administered posed no risk of harm to McElvaney except if performed negligently. This statement can be reasonably inferred from the expert testimony. As such, Defendants' counsel did not exceed the bounds of proper argument. State v. Clark, 83 Hawaiʻi 289, 304-05, 926 P.2d 194, 209-10 (1996).

Moreover, the circuit court acted properly to address any ambiguity in Defendants' summation. The circuit court properly instructed the jury on legal causation and the need to focus on court's instructions, not the argument of counsel. See Montalvo v. Lapez, 77 Hawaiʻi 282, 290, 884 P.2d 345, 353 (1994). "As a rule, juries are presumed to be reasonable and follow all of the trial court's instructions." Id. at 301, 884 P.2d at 364 (quoting Myers v. South Seas Corp., 76 Hawaiʻi 161, 165, 871 P.2d 1231, 1235 (1994)) (internal quotation marks omitted). Given

2

that Plaintiffs' counsel countered the Defendants' argument with its own interpretation of the relevant law, that appropriate jury instructions were given and the jury is presumed to have followed them, we must conclude that the jury followed the appropriate law on causation in arriving at its verdict. As such, the circuit court did not abuse its discretion in allowing the Defendants' closing arguments to stand.

2. The manifest weight of evidence does not support a new trial on the issue of informed consent or negligent treatment. In an informed consent action, the jury must determine that the risk of harm posed by a procedure was material enough that the doctor disclose the risk to a patient and that harm eventually occurs. See Carr v. Strode, 79 Hawai'i 475, 486, 492, 904 P.2d 489, 500, 506 (1995). Although expert testimony must be given on the nature of the risks, see Barcai v. Betwee, 98 Hawai'i 470, 484, 50 P.3d 946, 960 (2002), Mroczkowski v. Straub Clinic & Hospital, Inc., 6 Haw. App. 563, 567, 732 P.2d 1255, 1259 (1987), the jury is capable of determining whether these risks are material "without reference to prevailing medical standards or medical judgment . . . ." Carr, 79 Hawai'i at 485 n.6, 904 P.2d at 499 n.6.

Here, the expert witnesses simply disagreed about the risks of the procedure and the cause of McElvaney's injury. Stallworth, 99 Hawai'i at 307, 54 P.3d at 943. Plaintiffs' experts offered anecdotes about the occurrence of disc herniation from chiropractic care, while Defendants' experts countered that the risk was remote. Furthermore, substantial evidence of McElvaney's longstanding history of back problems and the symptoms exhibited when she entered the clinic could have led the jury to conclude that the chiropractic treatments did not cause McElvaney's injury.

Even assuming that there were material undisclosed risks and the treatments administered caused McElvaney's injury, Plaintiffs did not prove that McElvaney would have opted out of the treatment if given full disclosure of the risks. Barcai, 98

3

Hawai'i at 483-84, 50 P.3d at 959-60.  McElvaney testified, not surprisingly, that she would not have undergone chiropractic treatment if she had been told the treatments might exacerbate her condition.  See Bernard II, 79 Hawai'i at 365-66, 903 P.2d at 670-71.  The jury using an objective standard, as outlined in Bernard II, 79 Hawai'i at 366, 903 P.2d at 671, could have concluded that McElvaney would have elected to have the treatment because she previously consented to having the same side-posture procedure performed by another chiropractor.

Given that the jury "weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts[,]" we must look at whether its verdict "was palpably one which could reasonably have been reached[.]"  Stallworth, 99 Hawai'i at 306-07, 54 P.3d at 942-43 (citations and internal quotation marks omitted).  There was substantial evidence to support the jury's verdict on the issue of informed consent.

Lastly, the manifest weight of evidence does not contradict the jury's verdict that Defendants were not negligent in administering chiropractic treatment.  On appeal, Plaintiffs argue that the chiropractors mis-diagnosed McElvaney's condition as caused by sacroiliac and knee problems and accordingly treated the wrong conditions.  Although an expert testified that the results of a test performed on McElvaney was a classic sign of an irritated nerve, not a sacroiliac problem as diagnosed, he also testified that it was common for irritated nerves to coincide with sacroiliac problems.

Plaintiffs' citation to Yoshizaki v. Hilo Hospital, 50 Haw. 150, 154, 433 P.2d 220, 223-24 (1967), for the proposition that a "provider's mistaken diagnosis, that results in an injury to the patient, is prima facie negligence" wrongly interprets the case.  This interpretation would require medical providers to be infallible in diagnosing patients in order to escape liability. However, "liability is not imposed on a physician for a mistake in diagnosis or an error in judgment except where that mistake

4

results from a failure to comply with the recognized standard of medical care[.]" 61 Am. Jur. 2d <u>Physicians, Surgeons, Etc</u>. § 230 (2005). The weight of the evidence is not sufficient to overturn the jury's verdict. Accordingly, the circuit court did not abuse its discretion in denying the Plaintiffs' motion for a judgment notwithstanding the verdict or new trial.

Therefore,

IT IS HEREBY ORDERED that the September 11, 2006 judgment of the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 25, 2010.

On the briefs:

Arthur Y. Park,
Laurent J. Remillard, Jr., and
John C. McLaren,
(Park Park Yu & Remillard),
for Plaintiffs-Appellants.

Richard C. Sutton, Jr.,
(Sakai Iwanaga Sutton) and
G. Richard Morry,
Reginauld T. Harris,
(Rush Moore)
for Defendants-Appellees.

Chief Judge

Associate Judge

Associate Judge